LUTHER S. WHITTIER *vs.* LORENZO McINTYRE.

*Fences — removal of by surveyor — trespass for.*

An action of trespass cannot be maintained against a surveyor of highways for removing fences standing within the limits of the location of a highway in his district, when their continuance has been less than forty years next after the location of the highway.

It is not essential that the unlawful existence of such fences should be established on indictment and conviction under R. S. c. 18, § 76, prior to such removal.

ON REPORT.

TRESPASS for removing the plaintiff's fence on the east side of the road leading by the plaintiff's farm in Norridgewock.

It appeared from witnesses called by the plaintiff, that a road had been traveled on the spot, substantially where the location was made in 1832, more than fifty years; that a fence was standing along said road, opposite a portion of what is now the plaintiff's farm, for forty-five years; that the fence there was, substantially, in the place where the fence taken down by the defendant was located, excepting one or two crooks of the old fence were straightened by the new one; that the land in front of the plaintiff's house was cleared more than forty-five years ago; and the fence was made clear across the lot, on the east side, thirty-three years ago.

The records of the town of Norridgewock were put in showing a vote of the town passed at a legal meeting held March 7, 1814, accepting a road laid out by the selectmen. The vote described the first terminus as " beginning on the west side of the river, where the road leading from Somerset bridge intersects the river road," then recited the courses and distances of the contemplated road, without mentioning the width.

Also a vote passed at a legal meeting held Sept. 10, 1832, accepting a town road laid out, according to the report of the selectmen, as follows : Then followed a description of the terminus, and a recital of the several courses and distances, covering, substantially, the same land as that of 1814, " the road to be four rods wide, one-half on each side of the above courses, but so as not to exclude any part of the road as now traveled or made."

Isaac Winslow, called by the defendant, testified, substantially, that at the request of the selectmen of Norridgewock, he run out the road in accordance with the record of 1832, and had no difficulty in satisfying himself where the location was; that he run the center line, and the selectmen measured two rods each way from the line; that the fence removed was less than two rods from the center line; and that the two rods from the center line embraced all the road as now traveled.

It appeared that the plaintiff was notified to remove the fence before it was removed by the defendant.

The selectmen directed, in writing, the defendant to remove all obstacles, including fences, from the limits of the road, as established by Isaac Winslow in Dist. No. 25.

If the action could not be maintained, the plaintiff was to become nonsuit.

*Hiram Knowlton,* for the defendant.

TAPLEY, J. The attempted location of 1814 was void for uncertainty. No width of way was mentioned, and it may as well be assumed to be two rods wide as four, and *vice versa.*

The location of 1832 established a way by metes and bounds and by courses and distances. It then became, for the first time, a legally established way, the bounds of which could be made certain by records or monuments.

The continued use of the way, and the repairing of it from time to time after this location, was a sufficient acceptance of it as thus located and defined.

The fences having existed, as found at the time of their removal, for a period of less than forty years after location in 1832, are not to be deemed the true bounds thereof, and the length of time they had thus existed will not justify their continuance thereon if within the limits of the location. R. S. c. 18, § 72.

The evidence is sufficient to justify the conclusion that the fence removed was within the location. Taking the whole testimony of the surveyor into consideration, with no evidence offered by plain-

tiff to contradict it, we think that it establishes at least a *prima facie* case. Had the fences been, in fact, without the limits of the location, this fact could have been made apparent by as careful and particular running as the plaintiff contends should have been made.

At present we have the testimony of the surveyor that he "had no difficulty in satisfying himself where the location was," and that several men were on the ground and pointed out or stated where the starting-point was. This, as before remarked, with no testimony concerning it offered by plaintiff, we think authorizes the conclusion that the surveyor did start at the right point.

No question is made as to the regularity of the proceedings in making the location anterior to the acceptance of the return.

It is suggested that inasmuch as the statute provides that such fences may be removed " on indictment and conviction," no other mode could be resorted to for their removal. Undoubtedly the fact of their illegal existence may be established conclusively upon the party by proceeding by indictment, and a removal afterward take place; but we do not understand that towns must first establish that fact by such a proceeding. It may be the safer way so to do, as in no event can they then be made liable for their removal. It is not, however, the fact that a conviction has been had upon such proceedings that gives the right of removal, but it is the fact they are illegally existing there. The record of conviction is only the evidence of that which gives the right.

The town had a right, under the location, to have the whole road unincumbered with such matter. The plaintiff had no right of possession within the lines of the location which could be inconsistent with this right of the town. The removal by the town, therefore, of these incumbrances violated no right of possession held by the plaintiff, and trespass, therefore, cannot be maintained against them, or their servants acting under their authority. Under the agreement of the parties, the entry must be

*Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and DANFORTH, JJ., concurred.